IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ARTURO PROVINCIA,

    Applicant,

v.          No. CV 12-1235 WJ/CG

RAY TERRY,

    Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Jose Arturo Provincia's *Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus* ("Petition"), filed on November 29, 2012, (Doc. 1); *Respondent's Motion to Dismiss* ("Motion to Dismiss"), filed on December 18, 2012, (Doc. 6); and *Petitioner's Reply to the Respondent's Answer or Its Motion to Dismiss and Opposing to [sic] Dismissal of the Case with Brief in Further Support* ("Reply"), filed on January 11, 2013, (Doc. 8).

### I.  Background

Petitioner is a citizen of Mexico who unlawfully entered the United States on an unknown date. (Doc. 1 at 18). On January 26, 2012, Petitioner and two other individuals were arrested by Immigration and Customs Enforcement ("ICE") near Conway, Texas during a routine smuggling interdiction operation. (Doc. 6-1 at 2). Petitioner is subject to removal under § 212 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182, as an individual "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i).

Removal proceedings commenced on January 26, 2012 and a bond hearing was held on February 29, 2012. (Doc. 6-1 at 2; Doc. 6-2 at 2). Respondent has attached the *Order of the Immigration Judge With Respect to Custody* indicating that no action was taken at that hearing but that Petitioner could resubmit his request. (Doc. 6-2 at 2). Respondent has also stated that Petitioner had immigration hearings in February, April, June, and December of 2012. (Doc. 6 at 3-5). At each of these hearings, Petitioner's attorney requested continuances to prepare or to allow United States Citizenship and Immigration Services to adjudicate his requests to adjust his status. (*Id.*).

Petitioner asks for an in-person bond hearing, supervised release, and asserts that the length of his detention has been unreasonable. (Doc. 1). Respondent moves to dismiss the Petition because Petitioner has failed to state a cognizable claim for relief. Respondent argues that the length of Petitioner's detention has not been unreasonable, Petitioner has not been denied bond, and the relief requested, a bond hearing, has already been granted. (Doc. 6 at 3-8). On January 8, 2013, the Court ordered Petitioner to file a reply to the Motion to Dismiss and specifically address Respondent's arguments that a bond hearing has been held and that the delays in the removal proceedings have been because of Petitioner's requests for continuances. (Doc. 7). Petitioner's Reply was filed on the docket on January 11, 2013, (Doc. 8); however, it was signed on January 9, 2013 so the Court presumes that Petitioner mailed the Reply before receiving the Court's order. The Reply does not address Respondent's assertions that he has had a bond hearing; however, Petitioner does address the delays in his proceedings, arguing that his attempts to seek administrative relief should not be held against him. (*Id.*). In the Reply, Petitioner reiterates his request for an in-person bond

2

hearing or release, asserts that the length of his detention has been unreasonable, and argues that the Department of Homeland Security ("DHS") and ICE are "forum shopping" by filing his Notice to Appear ("NTA") in El Paso, Texas when Petitioner and his family are California residents and he is being held in New Mexico.   (*Id.*).

## II.   Analysis

In this case, Petitioner requests that the Court order an in-person bond hearing.   This request for relief is juxtaposed with Petitioner's request that the Court hold that the length of his detention has violated his due process rights under the Fifth Amendment and 8 U.S.C. § 1226(c), and in light of the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003).   (Doc. 1 at 5).

Under 8 U.S.C. § 1226, the Attorney General has the authority to arrest and detain "an alien . . . pending a decision on whether the alien is to be removed from the United States."   8 U.S.C. § 1226(a).   The Attorney General may release the individual on bond or conditional parole.   *Id*.   Individuals who are held pursuant to § 1226(c), however, may only be released under very limited circumstances, such as when the Attorney General determines that his or her release is necessary to protect a witness or an individual cooperating in an investigation.   8 U.S.C. § 1226(c).   The Attorney General's "discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review.   No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole."   8 U.S.C. §1226(e).   In *Demore*, the Court found that individuals subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) can be

3

detained for the "brief period necessary for their removal proceedings." *Demore*, 538 U.S. at 513.

Petitioner requests that the Court order an in-person bond hearing. (Doc. 1 at 10). In support of this request to appear in-person, Petitioner cites *Akinwande v. Ashcroft*, 380 F.3d 517 (1st Cir. 2004). However, *Akinwande* addressed whether 8 C.F.R. § 1003.25 allows a witness to appear at a deportation proceedings telephonically. *See Akinwande*, 380 F.3d at 518. That regulation provides that an "

> Immigration Judge may conduct hearings through video conference to the same extent as he or she may conduct hearings in person. . . an evidentiary hearing on the merits may only be conducted through a telephone conference with the consent of the alien involved after the alien has been advised of the right to proceed in person or, where available, through a video conference. . . .

8 C.F.R. § 1003.25(c). The regulation is clear – a video conference is equally acceptable to a proceeding at which an individual appears in person and Petitioner has not provided the Court with any additional authority to support his argument to appear in-person.

Petitioner appeared by video conference at a bond hearing on February 29, 2012. (Doc. 6-2 at 2; Doc. 6 at 3). At that point, no action was taken with respect to granting or denying Petitioner bond, but Petitioner was informed that he could resubmit his request. (Doc. 6-2 at 2). Respondent asserts that Petitioner has not made any additional requests for bond although several hearings have been held in his case. (Doc. 6 at 3-5). Although the Court asked Petitioner to address Respondent's summary of the removal proceedings, Petitioner did not avail himself of this opportunity. The Court notes that none of Petitioner's filings claim that he has been denied a bond hearing or bond. (*See generally* Docs. 1, 8).

4

Petitioner's request for a bond hearing is inextricably connected to his request that the Court review the reasonableness of the length of his detention.   Petitioner has been detained for more than a year pending his removal proceedings, a length of time beyond the time periods determined to be reasonable in *Demore*.   *Demore*, 538 U.S. at 529 (stating that in the majority of cases, removal proceedings were completed in 47 days on average).   However, at this time, the Court declines to hold that the length of Petitioner's detention is unreasonable. Unlike the individual alleging a violation of his due process rights in *Demore*, Petitioner has not been denied a determination that he poses a danger to the community or a flight risk.   *See id.* at 514. The record shows that Petitioner may submit another request for a bond hearing and an individualized determination of whether he poses a danger to the community or a flight risk.   (Doc. 6-2 at 2).   The Due Process Clause has not been violated when there is no evidence that Petitioner has been denied an opportunity to be heard.   The Court cautions Respondent that Petitioner may file another petition asking the Court to consider the reasonableness of the length of his detention if he is denied an opportunity to be heard.

Finally, the Court finds that Petitioner's argument that ICE is "forum shopping" by filing his Notice to Appear in El Paso, Texas, has no merit.   Petitioner was arrested by ICE near Conway, Texas.   (Doc. 6-1 at 2).   Thus, ICE appropriately filed the Notice to Appear in Texas.

**III.   Conclusion**

For the reasons stated above, the Court recommends that Petitioner Jose Arturo Provincia's Petition be **DISMISSED WITHOUT PREJUDICE** and Respondent's Motion to Dismiss be **GRANTED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE